UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
EMILIO VASQUEZ and CELSO SAMANIEGO,   Civil Action No.

                Plaintiffs,

-against-

CHAMPION ELECTRICAL MECHANICAL
BUILDER CORP. and NESTOR SERRANO,

                Defendants.
------------------------------------------------------------X

## COMPLAINT

Plaintiffs, EMILIO VASQUEZ and CELSO SAMANIEGO (hereinafter, "Plaintiffs"), as and for their Complaint against Defendants, CHAMPION ELECTRICAL MECHANICAL BUILDER CORP. and NESTOR SERRANO (hereinafter, "Defendants") respectfully allege as follows:

### JURISDICTION AND VENUE

1. Plaintiffs bring this action under the Fair Labor Standards Act (hereinafter, the "FLSA"), 29 U.S.C. §§ 201 et seq., the New York Labor Law, Articles 6 and 8, and the New York Codes, Rules, and Regulations 142-2.2 to recover unpaid overtime compensation, prevailing wages, and other relief.

2. Jurisdiction over Plaintiffs' FLSA claims is based upon Section 216(b) of the FLSA, 29 U.S.C. § 216(b), and upon 28 U.S.C. § 1331.

3. The Court has supplemental jurisdiction over Plaintiffs' state law claims pursuant to 28 U.S.C. §1367(a) because these claims are so related to the FLSA claims that they form part of the same case or controversy.

1

4. Venue in this district is appropriate under 28 U.S.C. §1391(b)(2) because a substantial part of the events giving rise to these claims occurred in this judicial district.

## PARTIES

5. Plaintiff Vasquez was employed by Defendants as a stonelayer, bricklayer, and pointer from on or about January 2015 until on or about May 25, 2016.

6. Plaintiff Samaniego was employed by Defendants as a stonelayer, bricklayer, and pointer from on or about June 2015 until on or about May 25, 2016.

7. Upon information and belief, Defendant Champion Electrical Mechanical Builder Corp. ("Champion"), is a domestic business corporation, duly organized and existing under the laws of the State of New York.

8. Upon information and belief, Champion maintains a corporate headquarters located at 74-16A Grand Avenue, Suite 38, Elmhurst, New York 11373.

9. Upon information and belief, Defendant Serrano (hereinafter, "Serrano") is an individual residing in the State of New York.

10. At all relevant times, Defendant Serrano was and still is a corporate officer of Champion. Upon information and belief, at all times relevant, Serrano exercised operational control over Champion, controlled significant business functions of Champion, determined employee salaries, made hiring decisions, and acted on behalf of and in the interest of Champion in devising, directing, implementing, and supervising the wage and hour practices and policies relating to the employees. As such, at all relevant times, Serrano has been an employer under the FLSA and the New York Labor Law.

## FACTS

11. At all times relevant to this action, Champion contracted with government entities to perform construction work for the New York City Housing Authority (hereinafter, the "Public Works Contracts").

12. During Plaintiffs' employment, Defendants provided services under the Public Works Contracts to Surfside Gardens in Brooklyn and the Baruch Houses and Jacob Riis Houses in Manhattan (hereinafter, the Public Works Projects").

13. Upon information and belief, a schedule of prevailing rates of wages and supplemental benefits ("Prevailing Wage Schedule") to be paid to all laborers, workmen, and mechanics working at such Public Works Projects was annexed to, and was made a part of each Public Works Contract.

14. Upon further information and belief, the Prevailing Wage Schedule annexed to the Public Works Contracts was the schedule of prevailing rates of wage and supplemental benefits issued for the year in which the Public Works Contracts were entered into.

15. This promise to pay and ensure payment of the prevailing wage and supplemental benefit rates in the Public Works Contracts was made for the benefit of all workers employed on the Public Works Projects and, as such, the workers employed on the Public Works Projects are the beneficiaries of that promise.

16. At all times relevant to this action, Plaintiffs were employed as workers, laborers, or mechanics; specifically, Plaintiffs were stonelayers, bricklayers, and pointers working for the benefit of and at the direction of Defendants.

17. At all times relevant to this action, Plaintiffs primary duties included the demolition and removal of old brick, stone, and tile and the installation of new brick, stone, and tile, which

3

required cutting, placing, and cementing. Additionally, Plaintiffs performed caulking along the edges of windows.

18. At all times relevant to this action, Plaintiffs performed their primary duties for Defendants at Public Work Projects located in New York City.

19. Plaintiffs were entitled to prevailing wages and supplemental benefits as stonelayers, bricklayers, and pointers for all hours worked performing such duties on Public Work Projects.

20. Defendants did not pay Plaintiffs the prevailing wages for stonelayers, bricklayers, or pointers during their employment.

21. Defendants did not provide Plaintiffs with supplemental benefits or the cash equivalent during their employment.

22. From on or about January 2015 until on or about May 30, 2015, Plaintiff Vasquez worked Monday through Saturday from 8:00 a.m. until at least 6:00 p.m.

23. During this time, Plaintiff Vasquez worked at least fifty seven (57) hours per week.

24. During this time, Plaintiff Vasquez received and took a thirty (30) minute meal break each day that he worked.

25. During this time, Defendants paid Plaintiff Vasquez $200.00 per day, regardless of the number of hours he worked.

26. During this time, Defendants paid Plaintiff Vasquez via check.

27. During this time, Defendants paid Plaintiff Vasquez on a weekly basis; however, Defendants were frequently late paying Plaintiff Vasquez and he often received his weekly pay up to three weeks late.

28. During this time, Defendants did not provide to Plaintiff Vasquez wage statements along with his weekly pay.

29. From on or about June 1, 2015 until on or about May 25, 2016, Plaintiffs worked on the same jobsite together, performed the same duties, worked the same hours, and were paid in the same manner.

30. During this time, Plaintiffs worked Monday through Friday from 8:00 a.m. until at least 6:00 p.m. Additionally, Plaintiffs worked Saturday from 9:00 a.m. until 4:00 p.m.

31. During this time, Plaintiffs worked at least fifty-four (54) hours per week.

32. During this time, Plaintiffs received and took a thirty-minute meal break each day they worked.

33. During this time, Defendants paid Plaintiffs via check.

34. During this time, Defendants paid Plaintiffs by the hour.

35. During this time, Defendants maintained time records for Plaintiffs; however, the records they maintained do not accurately reflect the number of hours Plaintiffs worked each day and each week.

36. During this time, Defendants required Plaintiffs to sign a blank time sheet each morning and Defendants later filled in the hours that they claimed Plaintiffs worked for the day. These hours do not accurately reflect the true hours worked by Plaintiffs.

37. During this time, Plaintiffs received weekly earnings statements; however, the statements do not accurately reflect the number of hours Plaintiffs actually worked each week.

38. During this time, Plaintiffs were not paid for all of the hours that they actually worked each week and worked up to 22.5 a week without receiving any compensation at all.

39. During this time, Defendants paid Plaintiffs for only a portion of the hours that they actually worked each week.

40. During this time, Plaintiffs were paid a lower hourly rate than the prevailing wage rate that they were entitled to under New York law.

41. During their employment, Plaintiffs were not paid prevailing wages.

42. During their employment, Plaintiffs were not paid overtime compensation.

43. During their employment, Plaintiffs were not paid overtime compensation at a rate of one and a half times the prevailing wage rate.

44. During this time, Defendants did not provide to Plaintiffs proper wage statements as required by NYLL § 195(3) each week with their weekly pay check.

45. Defendants did not provide to Plaintiffs wage notices as required by NYLL § 195(1) upon their hiring or at any time thereafter.

46. Defendants managed Plaintiffs' employment, including the amount of overtime worked.

47. Defendants dictated, controlled, and ratified the wage and hour and all related employee compensation policies.

48. Defendants were aware of Plaintiffs' entitlement to prevailing wages, but failed to pay them the full amount of wages to which they were entitled for this work under the law.

49. Defendants' failures to pay proper wages in a timely manner have been made without good faith, willfully, and with a reckless disregard for Plaintiffs' rights; and Plaintiffs have been damaged by such failures.

50. Defendant Serrano participated in the decision to hire Plaintiffs.

51. Defendant Serrano participated in the decision to fire Plaintiffs.

52. Defendant Serrano participated in the daily supervision of Plaintiffs' duties.

53. Defendant Serrano participated in setting Plaintiffs' work schedules.

54. Defendant Serrano participated in deciding the manner in which Plaintiffs were paid during their employment.

55. Defendant Serrano participated in running the day to day operations of Champion during Plaintiffs' employment.

56. Defendant Serrano participated in deciding the hours that Plaintiffs would work each week during their employment.

57. Defendant Serrano participated in deciding the job duties that Plaintiffs would perform on a daily basis during their employment.

## COUNT I
## FLSA Overtime Claim

58. Plaintiffs reassert and reallege the allegations set forth in each of the above paragraphs as though fully set forth herein.

59. The FLSA regulates the payment of wages by employers whose employees are "engaged in commerce or engaged in the production of goods for commerce, or are employed in an enterprise engaged in commerce or in the production of goods for commerce." 29 U.S.C. § 207(a)(1).

60. Corporate Defendant was and is subject to the overtime pay requirements of the FLSA because Corporate Defendant is an enterprise engaged in commerce or in the production of goods for commerce.

61. At all times relevant to this Complaint, Defendants had, and continue to have, employees handle goods or materials that have moved in interstate commerce, including Plaintiffs who worked as bricklayers, stonelayers, and pointers for Defendants.

7

62. Upon information and belief, the gross annual volume of sales made or business done by Corporate Defendant for the years 2016 and 2015 was not less than $500,000.00 each year.

63. At all times relevant to this action, Plaintiffs were entitled to the rights, benefits, and protections granted by the FLSA, 29 U.S.C. § 207, *et seq*.

64. Section 207(a)(1) of the FLSA states that an employee must be paid overtime, equal to at least one and one half times the employee's regular rate of pay, for all hours worked in excess of 40 per week.

65. By the above-alleged conduct, Defendants have violated the FLSA by failing to pay Plaintiffs overtime compensation at one and a half times the prevailing wage rate they were entitled to.

66. Section 13 of the FLSA, 29 U.S.C. §213, exempts certain categories of employees from the overtime compensation requirements set forth in Section 207(a)(1) of the FLSA.

67. However, none of the Section 13 exemptions apply to Plaintiffs because they did not meet the requirements for coverage under the exemptions.

68. Defendants have acted willfully and have either known that their conduct violated the FLSA or have shown reckless disregard for the matter of whether their conduct violated the FLSA.

69. Defendants have not acted in good faith with respect to the conduct alleged herein.

70. As a result of Defendants' violations of the FLSA, Plaintiffs have incurred harm and loss in an amount to be determined at trial, along with liquidated damages, attorneys' fees and costs of litigation, pursuant to 29 U.S.C. § 216(b).

## COUNT II
## NYLL Overtime Claim

71. Plaintiffs reassert and reallege the allegations set forth in each of the above paragraphs as though fully set forth herein.

72. At all times relevant to this action, Plaintiffs were employed by Defendants within the meaning of New York Labor Law §§ 2 and 651.

73. Under New York law, an employee must be paid overtime, equal to one and one half times the employee's regular rate of pay, for all hours worked in excess of 40 per week in the manner and methods provided by the FLSA. 12 NYCRR §142-2.2.

74. By the above-alleged conduct, Defendants failed to pay Plaintiffs overtime compensation of one and one-half times the prevailing wage rate they were entitled to as required by the New York Labor Articles.

75. By the above-alleged conduct, Defendants have failed to pay Plaintiffs the full amount of overtime compensation for the time periods in which they worked in excess of forty hours per week for Defendants.

76. Plaintiffs are not exempt from the overtime provisions of the New York Labor Articles, because they have not met the requirements for any of the reduced number of exemptions available under New York law.

77. Defendants have acted willfully and have either known that their conduct violated the New York Labor Articles or have shown a reckless disregard for the matter of whether their conduct violated the New York Labor Articles. Defendants have not acted in good faith with respect to the conduct alleged herein.

78. As a result of Defendants' violations of the NYLL, Plaintiffs have incurred harm and loss in an amount to be determined at trial, along with liquidated damages, attorneys' fees, interest, costs of litigation, pursuant to the NYLL.

## COUNT III
## NYLL Section 191 and 198 Claim

79. Plaintiffs reassert and reallege the allegations set forth in each of the above paragraphs as though fully set forth herein.

80. The prevailing wages and supplemental benefits not paid to Plaintiffs were wages within the meaning of New York Labor Law §§ 190, 191, 198, and 198(1-a).

81. Defendants violated New York Labor Law § 191 by failing to timely pay to Plaintiffs the statutorily and contractually required prevailing wages and supplemental benefits for the work that they performed on the Public Work Projects.

82. Additionally, Defendants did not pay Plaintiffs any compensation at all for at least 22.5 hours of work each week.

83. Defendants did not provide Plaintiffs with supplemental benefits or the cash equivalent thereof for at least 22.5 hours of work each week.

84. By reason of the foregoing, Defendants are liable to Plaintiffs in an amount to be determined at trial, plus interest, liquidated damages, attorneys' fees and costs.

## COUNT IV
## VIOLATION OF THE NEW YORK LABOR LAW
## ARTICLE 8
## FAILURE TO PAY PREVAILING WAGES

85. Plaintiffs reassert and reallege the allegations set forth in each of the above paragraphs as though fully set forth herein.

86. Article 8 of the NYLL governs the hours, wages, and supplements as they relate to work performed on public work projects in the State of New York.

87. Section 220 of the NYLL requires that the wages and supplemental benefits paid to laborers, workmen, or mechanics upon such public works shall not be less that the prevailing rate of wages as determined by the Bureau of Public Work of the New York State Department of Labor.

88. Section 220 of the NYLL requires that workers, laborers, and mechanics upon such public works projects be provided "supplemental benefits" at the prevailing rate. "Supplemental benefits" are all forms of remuneration for employment paid in any medium other than cash, including but not limited to health, welfare and non-occupational disability insurance, retirement and vacation benefits, holiday pay and life insurance. The prevailing rate of supplemental benefits is determined in the same manner as wages.

89. Defendants are subject to the prevailing wage requirements of the NYLL because they were contractors working on Public Work Projects in the State of New York.

90. At all times relevant to this action, Plaintiffs were entitled to the rights, benefits, and protections granted by Article 8 of the NYLL because they were bricklayers, stonelayers, and pointers working on Public Work Projects in the State of New York.

91. Defendants failed and refused to pay Plaintiffs the prevailing wage as bricklayers, stonelayers, and pointers to which they were entitled under the New York Labor Law.

92. By the above-alleged conduct, Defendants have violated the NYLL by failing to pay Plaintiffs the prevailing wage rate they were entitled to as required by the NYLL.

93. Defendants have acted willfully and have either known that their conduct violated the NYLL or have shown reckless disregard for the matter of whether their conduct violated the NYLL. Defendants have not acted in good faith with respect to the conduct alleged herein.

94. As a result of Defendants' violations of the NYLL, Plaintiffs have incurred harm and loss in an amount to be determined at trial, along with liquidated damages, attorneys' fees, interest, and costs of litigation, pursuant to the NYLL.

## COUNT V
## BREACH OF CONTRACT
## BREACH OF THE PUBLIC WORK CONTRACTS

95. Plaintiffs reassert and reallege the allegations set forth in each of the above paragraphs as though fully set forth herein.

96. Upon information and belief, the Public Work Contracts entered into by Defendants contained schedules of the prevailing rates of wages and supplemental benefits to be paid to Plaintiffs.

97. Those prevailing rates of wages and supplemental benefits were made part of the Public Works Contracts for the benefit of Plaintiffs.

98. At all times relevant to this action, Plaintiffs performed labor for Defendants as bricklayers, stonelayers, and pointers.

99. Defendants breached the Public Work Contracts by willfully failing to pay and ensure payment to Plaintiffs the prevailing rates of wages and supplemental benefits for all labor performed by Plaintiffs.

100. By reason of their breach of the Public Work Contracts, Defendants are liable to Plaintiffs in the amount to be determined at the trial, plus interest, costs and attorneys' fees.

## COUNT VI
## QUANTUM MERUIT
## (PLED IN THE ALTERNATIVE)

101. Plaintiffs reassert and reallege the allegations set forth in each of the above paragraphs as though fully set forth herein.

102. Plaintiffs performed numerous and valuable services at the request and for the benefit of Defendants. The reasonable value of those services for which Plaintiffs have not been paid is an amount to be determined at trial, plus interest, costs and attorneys' fees.

103. Plaintiffs seek payment from Defendants for the reasonable value of services that they provided to them.

104. Defendants have failed and refused to pay Plaintiffs the lawful prevailing wage and supplemental benefit rate during their employment.

105. By reason of the foregoing, Defendants are liable to Plaintiffs in an amount to be determined at trial, plus interest, attorney's fees, and costs.

## COUNT VII
## UNJUST ENRICHMENT
## (PLED IN THE ALTERNATIVE)

106. Plaintiffs reassert and reallege the allegations set forth in each of the above paragraphs as though fully set forth herein.

107. At the behest of Defendants, Plaintiffs performed a significant amount of work for which they have not been paid the amount that they were entitled to receive pursuant to New York State Law.

108. Upon information and belief, when Defendants entered into the Public Works Contracts, they agreed to pay the statutorily required prevailing wages, supplemental benefits and overtime compensation rates to Plaintiffs.

109. Upon information and belief, Defendants billed the government municipalities and agencies for labor performed by Plaintiffs at the higher contractual and statutorily required prevailing wages, supplemental benefits, and overtime compensation rates, all of which Defendants did not pay to Plaintiffs.

110. As a result of Defendants' failure to pay said wages, Defendants have been unjustly enriched for work and services performed by Plaintiffs in an amount to be determined at trial, plus interest, attorneys' fees and costs.

111. By reason of the foregoing, Plaintiffs have been damaged in an amount to be determined at trial, plus interest, attorney's fees and costs.

## COUNT VIII
## VIOLATION OF THE NEW YORK LABOR LAW § 195(1)
## FAILURE TO PROVIDE WAGE NOTICES

112. Plaintiffs reassert and reallege the allegations set forth in each of the above paragraphs as though fully set forth herein.

113. Defendants willfully failed to furnish Plaintiffs with wage notices during their employment, including the dates of their hiring, as required by NYLL § 195(1), in English or in the language identified by Plaintiffs as their primary language, which were to contain, among other things, Plaintiffs' rate or rates of pay and basis thereof; the regular pay day designated by Defendants as employers in accordance with NYLL § 191; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; the telephone number of the employer; and Plaintiffs' regular hourly rates of pay and overtime rates of pay.

114. Through their knowing and intentional failure to provide Plaintiffs with the wage notices required by the NYLL, Defendants have willfully violated NYLL §§ 190 *et seq.* and the supporting New York Labor Articles.

115. Due to Defendants' willful violations of the NYLL, Plaintiffs are entitled to recover statutory penalties, together with costs and attorneys' fees provided by NYLL § 198(1-b).

## COUNT IX
### VIOLATION OF THE NEW YORK LABOR LAW § 195(3)
### FAILURE TO PROVIDE WAGE STATEMENTS

116. Plaintiffs reassert and reallege the allegations set forth in each of the above paragraphs as though fully set forth herein.

117. Defendants willfully failed to provide Plaintiffs proper written wage statements with their wages each week as required by NYLL § 195(3), which were to include, among other things, the dates of work covered by each payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof; deductions; net wages; the regular hourly rate or rates of pay; the overtime rate or rates of pay; and the number of regular hours worked and the number of overtime hours worked.

118. Through their knowing and intentional failure to provide Plaintiffs with proper wage statements required by the NYLL, Defendants have willfully violated NYLL §§ 190 *et seq.* and the supporting New York Labor Articles.

119. Due to Defendants' willful violations of the NYLL, Plaintiffs are entitled to recover statutory penalties, together with costs and attorneys' fees as provided by NYLL § 198(1-d).

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs, by and through their attorneys, Neil H. Greenberg & Associates, P.C., demands judgment against Defendants, jointly and severally and in favor of Plaintiffs, for a sum that will properly, adequately, and completely compensate Plaintiffs for the nature, extent, and duration of the damages, costs of this action, and as follows:

- A. Declare and find that the Defendants committed one or more of the following acts:

    1. Violated provisions of the FLSA by failing to pay overtime wages to Plaintiffs at one and a half times the statutorily required prevailing wage rate;

    2. Willfully violated the overtime provisions of the FLSA;

    3. Violated the provisions of the NYLL by failing to pay overtime wages to Plaintiffs at one and a half times the statutorily required prevailing wage rate;

    4. Willfully violated the overtime wage laws of the NYLL;

    5. Violated the provisions of the NYLL by failing to pay prevailing wages to Plaintiffs;

    6. Breached the Public Work Contracts by failing and refusing to pay prevailing wages to Plaintiffs;

    7. Being unjustly enriched by billing governmental agencies for labor performed by Plaintiffs at the higher contractual and statutorily required prevailing wage rates;

    8. Violated the provisions of the NYLL by failing to provide wage notices and accurate wage statements.

- B. Award compensatory damages, including all overtime compensation and prevailing wages owed, in an amount according to proof;

- C. Award interest on all NYLL overtime compensation and other compensation due accruing from the date such amounts were due;

- D. Award all costs, attorney's fees incurred in prosecuting this action, as well as liquidated damages under the FLSA and/or NYLL; and

E. Provide such further relief as the Court deems just and equitable.

Dated: Massapequa, New York
March 14, 2017

_____
Neil H. Greenberg, Esq.
Neil H. Greenberg & Associates, P.C.
*Attorneys for Plaintiffs*
4242 Merrick Road
Massapequa, New York 11758
Tel: 516.228.5100
Fax: 516.228.5106
nhglaw@nhglaw.com

## FAIR LABOR STANDARDS ACT - CONSENTIMIENTO/CONSENT FORM

Doy mi consentimiento para ser parte demandante en una demanda contra **Champion Electrical Mechanical Builder Corp** y / o entidades e individuos relacionados con el fin de obtener reparación por violaciones de la Fair Labor Standards Act, (*Ley de las Normas Laborales Justas*) de conformidad con 29 U.S.C. § 216 (b). Por la presente yo designo Neil H. Greenberg & Associates, P.C. para representarme en tal demanda.

I, consent to be a party plaintiff in a lawsuit against **Champion Electrical Mechanical Builder Corp.** and/or related entities and individuals in order to seek redress for violations of the Fair Labor Standards Act, pursuant to 29 U.S.C. § 216 (b). I hereby designate Neil H. Greenberg & Associates, P.C. to represent me in such a lawsuit.

*[signature: Emilio Vasquez]*
Firma (Signature)

Emilio Vasquez

104-20 46th Ave

Corona Queens,, NY,

# FAIR LABOR STANDARDS ACT - CONSENTIMIENTO/CONSENT FORM

Doy mi consentimiento para ser parte demandante en una demanda contra **Champion Electrical Mechanical Corp, Nestor Serrano**, y / o entidades e individuos relacionados con el fin de obtener reparación por violaciones de la Fair Labor Standards Act, (*Ley de las Normas Laborales Justas*) de conformidad con 29 U.S.C. § 216 (b). Por la presente yo designo Neil H. Greenberg & Associates, P.C. para representarme en tal demanda.

I, consent to be a party plaintiff in a lawsuit against **Champion Electrical Mechanical Corp, Nestor Serrano,** and/or related entities and individuals in order to seek redress for violations of the Fair Labor Standards Act, pursuant to 29 U.S.C. § 216 (b). I hereby designate Neil H. Greenberg & Associates, P.C. to represent me in such a lawsuit.

_____
Firma (Signature)


_____
Celso Samaniego


_____
1722 De Gates Ave., Apt 3R


_____
Queens, NY,